FILED
2011 APR -8 PM 3:26
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

6:11-cv-582-ORL-35GJK

| | |
|---|---|
| KAREN HARVEY on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET. SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Karen Harvey (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

**NATURE OF ACTION**

1.  Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA LLC" or the "Defendant") in negligently,



knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2. PRA LLC is a Delaware corporation that maintains its headquarters at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA LLC is a wholly-owned subsidiary of Portfolio Recovery Associates, Inc. (hereinafter "PRA Inc."). PRA Inc.'s stock shares are publicly traded on the NASDAQ stock exchange and PRA Inc. is required to make filings with the United States Securities and Exchange Commission (hereinafter the "SEC"). According to its SEC filings, the primary business of PRA Inc., both directly and through its subsidiaries (such as Defendant), is "[t]he purchase, collection and management of portfolios of defaulted consumer receivables. These accounts are purchased from sellers of finance receivables and collected by a highly skilled staff whose purpose is to locate and contact customers and arrange payment or resolution of their debts." [PRA Inc.'s SEC Form 10K as of December 31, 2010].

As of December 31, 2010, PRA Inc.'s consolidated Financial Statements showed ownership of 1,913,000 such accounts, wherein the underlying purported debt belongs to residents of the State of Florida. *Id.*

Defendant PRA LLC solely owns all 1,913,000 such accounts and also acts as the Debt Collector for such accounts.

## JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). *See also* Miedema v. Maytag Corp., 450 F.3d 1322, 1327 (11th Cir. 2006). Further, there is minimal diversity in that at least one plaintiff and one defendant are from different states. *Id*. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is a corporation that is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff Harvey has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in

this District.

## PARTIES

5.  Plaintiff Karen Harvey is, and at all times mentioned herein was, an individual citizen of the State of Florida who resides in Palm Bay, Florida.

6.  On information and belief, Plaintiff alleges that PRA LLC is, and at all times mentioned herein was, a corporation whose primary corporate address and headquarters are in Norfolk, Virginia, and that PRA LLC does business throughout the country, including this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7.  In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.  The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

11.   Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided prior express consent within the meaning of the TCPA.[6]

12.   Auto Dialing systems, also known as Predictive Dialing Technology, are commonly used in the Debt Collection industry. *See e.g.* The Challenges of Change, Federal Trade Commission (2009).

## FACTUAL ALLEGATIONS

13.   At all times relevant, Plaintiff was an individual residing in the State of Florida. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

14.   Defendant is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

---

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
*Ruling*, 23 F.C.C.R. at 565(¶ 10).

[6] *Id.*

15. On February 18, 2011, Defendant commenced the placement of telephone calls using a pre-recorded or artificial message to Plaintiff's cellular telephone. The purpose of these calls was to collect a purported credit card debt (hereinafter the "Purported Debt").

16. Plaintiff did not list a cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt. Plaintiff also did not verbally provide Defendant, or any other party, with a cellular phone number at any time during the transaction that resulted in the Purported Debt, or thereafter.

17. Defendant routinely utilizes Predictive Dialing Technology in its Debt Collection efforts. In its 2010 Form 10K filing with the SEC, PRA Inc. (which owns and controls Defendant) unambiguously attested (pursuant to 18 U.S.C. § 1350, as adopted under § 906 of the Sarbanes-Oxley Act of 2002):

\*\*\*

*Predictive Dialer Technology*

The Avaya Proactive Contact Dialer ensures that our collection staff focuses on certain defaulted consumer receivables according to our specifications. Its predictive technology takes into account all campaign and dialing parameters and is able to automatically adjust its dialing pace to match changes in campaign conditions and provide the lowest possible wait times and abandon rates, with the highest volume of outbound calls. *Id.* at Page 14.

Further, in the same SEC filing, PRA Inc. attests that it is aware of the TCPA and Predictive Dialing Technology, by stating:

\*\*\*

*Telephone Consumer Protection Act.* In the process of collecting accounts, we use automated predictive dialers and pre-recorded messages to communicate with our consumers. This act and similar state laws place certain restrictions on telemarketers and users of automated dialing equipment and pre-recorded messages who place telephone calls to consumers. *Id.* at Page 16.

\*\*\*

18. All telephone contact by Defendant to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

19. Each of Defendant's calls to Plaintiff's cellular telephone left a prerecorded message, as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

20. The telephone number that Defendant used to contact Plaintiff, made via an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21. The complained of Defendant telephone calls constituted calls not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. "During the transaction that resulted in the debt owed," Plaintiff did not provide a wireless number nor otherwise provide express consent to receive calls by Defendant, or any other party, on Plaintiff's cellular telephone.[7]

23. Plaintiff did not own her current cellular telephone at the time she engaged in the transaction that resulted in the Purported Debt. She therefore could not have given Defendant, or any other party, express consent at that time to contact her on that cellular phone via an automatic telephone dialing system.

24. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

25. Plaintiff did not provide "express consent" allowing Defendant to leave prerecorded messages on Plaintiff's cellular phone, within the meaning of 47 U.S.C. § 227(b)(1)(A).

26. Defendant did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "automatic telephone dialing system," as

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

described in 47 U.S.C. § 227(b)(1)(A).

27. Defendant's telephone calls to Plaintiff's cellular phone utilizing an

an "automatic telephone dialing system" for nonemergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

28. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.[8]

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

30. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the State of Florida who, on or after February 18, 2011 until the final disposition of this case (the "Class Period"), received a non-emergency telephone call from PRA LLC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class Members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendant,

---

[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).
PRA Inc. and any entities in which Defendant or PRA Inc. has a controlling interest, Defendant's and PRA Inc.'s respective agents and employees, the Judge to

whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

31.   Plaintiff does not know at this time the exact number of members in the Class, but based upon the official filing of PRA Inc. with the SEC, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands. This Class size includes persons whose purported debt is owned or serviced by Defendant and all other persons whom Defendant or its affiliates dialed.

32.   Plaintiff and all members of the Class have been harmed by the acts of Defendant.

33.   This Class Action Complaint seeks money damages and injunctive relief.

34.   The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

35.   There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims

predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a.    Whether, beginning on February 18, 2011, Defendant made non-emergency calls to Plaintiff's and Class Members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b.    Whether Defendant can meet its burden of showing prior express consent (*i.e.*, consent that is clearly and unmistakably stated) was obtained, during the transaction that resulted in the purported debt owed or thereafter, to make such calls;

    c.    Whether Defendant's conduct was knowing and/or willful;

    d.    Whether Defendant is liable for damages, and the amount of such damages; and

    e.    Whether Defendant should be enjoined from engaging in such conduct in the future.

36.    As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

37. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all auto-dialed and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

40. Plaintiff incorporates by reference the foregoing paragraphs of this Second Amended Complaint as if fully set forth herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and Class members are also entitled to, and do seek, injunctive relief prohibiting Defendant's violation of the TCPA in the future.

44. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

45. Plaintiff incorporates by reference the foregoing paragraphs of this Second Amended Complaint as if fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

48. Plaintiff and all Class members are also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

49. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

This the 2 day of April, 2011.

                              Respectfully submitted,

                              ARCADIER & ASSOCIATES, P.A.

                              By: _____
                              Maurice Arcadier
                              Florida Bar No. 131180

2815 West New Haven
Suites 303 & 304
West Melbourne, Florida 32904
Telephone: (321) 953-5998
Facsimile: (321) 953-6075
arcadier@melbournelegalteam.com